UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT LODGE,

Defendant (D-1).

_____/

Case No. 17-cr-20582

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [#47]

### I. INTRODUCTION

On August 9, 2018, Defendant Robert Lodge ("Defendant") pled guilty to one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349, one count of use of an unauthorized access device, 18 U.S.C. § 1029(a)(2), one count of possession of fifteen or more counterfeit or unauthorized access devices, 18 U.S.C. § 1029(a)(2), and one count of aggravated identify theft, 18 U.S.C. § 1028A(a)(1).   ECF No. 31. Specifically, Defendant's Rule 11 Agreement states that Lodge knowingly conducted credit card fraud at Kmart stores with a co-defendant and made fraudulent transactions with stolen credit card information that he unlawfully stored.   *Id.* at PageID.108-109.   On January 18, 2019, Defendant was sentenced to 72 months imprisonment.   ECF No. 46, PageID.268.

Presently before the Court is Defendant's Motion for Compassionate Release. ECF No. 47.   Following this Court's Order on February 2, 2021, Defendant's counsel submitted a supplemental brief.   ECF No. 52.   The Government filed a Response on April 1, 2021, but because this Court denied its request for a page extension, the Government re-filed a revised Response on April 19, 2021.   ECF No. 67.   A hearing on this matter was held on May 14, 2021.   For the reasons that follow, the Court will DENY the Defendant's Motion [#47].

## II. FACTUAL BACKGROUND

Defendant Robert Lodge was sentenced on January 18, 2019 to serve 72 months in custody.   *See* ECF No. 46.   Defendant pled guilty to one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349, one count of use of an unauthorized access device, 18 U.S.C. § 1029(a)(2), one count of possession of fifteen or more counterfeit or unauthorized access devices, 18 U.S.C. § 1029(a)(2), and one count of aggravated identify theft, 18 U.S.C. § 1028A(a)(1).   *Id.*   The relevant conduct occurred between December 2015 and August 2017.   ECF No. 31, PageID.108.   According to his Rule 11 Agreement, Lodge and a co-defendant knowingly obtained stolen credit and debit accounts from domestic and international victims to purchase gift cards at Kmart stores in Michigan and elsewhere.   *Id.*   The fraudulent credit information was used to "purchase over $19,500 in legitimate, third-party gift cards."   *Id.*   Additionally, Defendant was arrested in possession of a

cell phone that contained "names, addresses, social security numbers, [] dates of birth, and credit card accounts for other people" who did not consent to give this information away. *Id.* at PageID.109. The information, and particularly the credit card accounts, were linked to victims who lived both inside and outside of the United States. *Id.* The Government states that Defendant and his co-defendant then used the financial gains to "open[] loyalty programs with airlines, rental cards, and even Kmart, to maximize their profits." ECF No. 67, PageID.690-691.

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the threat of COVID-19. ECF Nos. 47, 52. Defendant is thirty-three years old and was originally serving his sentence at the Federal Correctional Institute at Morgantown. ECF No. 52, PageID.332. He has since been moved to the Federal Correctional Institute at Elkton. *Id.* Defendant has a projected release date of April 6, 2024. *Id.*

In his instant Motion, Defendant argues that his asthma, as well as institutional circumstances and demonstrated rehabilitation, amount to compelling and extraordinary circumstances warranting his early release. *Id.* He notes that he has completed multiple classes while incarcerated and has participated in the non-residential drug program. *Id.* He therefore requests that the Court grant him early release from his sentence.

# III. ANALYSIS

## A. Standard of Review

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release.  As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).  Accordingly, a court must address two key questions. The first is whether a defendant has first exhausted all administrative remedies with the BOP.  The second is whether, after considering "extraordinary and compelling reasons," as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), warrant a sentence reduction.

Moreover, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  U.S. Sentencing Guidelines Manual § 1B1.13 is the "applicable policy statement" which

this Court must comply with.  This section explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g).  Further, a defendant must fit within at least one of four categories of "extraordinary and compelling reasons."  Application Note 1 to U.S.S.G. § 1B1.13 provides, in relevant parts, when extraordinary and compelling reasons exist:

> (A) Medical Condition of the Defendant
>
> > (ii) The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> …
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Here, Defendant asserts that his medical conditions, combined with his continued incarceration during the COVID-19 pandemic, place him at an elevated risk of serious complications if he were to contract COVID-19.  ECF No. 52, PageID.333.  Defendant additionally states that the 18 U.S.C. § 3553(a) factors favor his release because he participated in various rehabilitative programs and has demonstrated a desire to positively move forward with his life, therefore demonstrating that he is not a danger to the community.  *See id.* at PageID.341.

**B. Exhaustion**

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves.  First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018).  In a defendant-initiated motion for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request. 18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit recently held that while the administrative exhaustion requirements under § 3582(c)(1)(A) are not jurisdictional, they are mandatory. *United States v. Alam*, 960 F.3d 831, 2020 U.S. App. LEXIS 17321 (6th Cir. 2020). In *Alam*, the Sixth Circuit rejected defendant's argument that the "unprecedented" nature of the COVID-19 pandemic should serve as an exception to the statute's exhaustion requirement. *Id.* at *11 (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, the Government states that exhaustion is not an issue in this case, and neither party makes any arguments regarding Defendant's exhaustion.  ECF No. 67, PageID.704.  Accordingly, Defendant has exhausted his administrative remedies with the BOP.

### C. Extraordinary and Compelling Reasons

As discussed *supra*, for a court to grant compassionate release, a defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence.  18 U.S.C. § 3582(c).  The Sentencing Commission has provided guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines.  U.S.S.G. § 1B1.13.  These reasons are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements.  *Id.* at cmt. n.1(A)-(D).

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release from FCI Elkton.  Lodge argues that his asthma makes him particularly susceptible to COVID-19 while incarcerated.  ECF No. 52, PageID.334.  His medical records also indicate that he has received diagnoses for anxiety disorder and major depressive disorder.  *See* ECF No. 62-1, PageID.530.  In his Motion, Defendant includes letters from his parents which state that he suffered "complications from asthma into his teenage years" and was "hospitalized multiple times a year for exacerbation of asthma."  *Id.*  According to the Centers for Disease Control and Prevention ("CDC"), the only relevant condition that places Defendant at a higher risk for severe illness from COVID-19 is his asthma.  *See* People Who

Are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated April 20, 2021).

The Government is correct to note, however, that Defendant's medical records do not contain an asthma diagnosis—or any other recognized CDC risk factor—that corroborates the statements made by Lodge and his family.  *See* ECF No. 67, PageID.709.  While the Court does not doubt the Defendant's past medical history, the absence of an asthma diagnosis, including information about its level of severity or any related medications, does not raise Defendant's claims beyond speculation and into compelling and extraordinary circumstances.  Further, even if Defendant had a documented asthma diagnosis, asthma by itself is not a sufficient medical condition to warrant early release under the compassionate release standard.  *See United States v. Tomes*, 990 F.3d 500, 504–05 (6th Cir. 2021) (affirming denial of compassionate release by concluding that the defendant "did not provide any records in his motion to support that he has chronic asthma . . . . [a]ll he provided were a couple of letters from his parents . . . [s]o the district court could have denied [the defendant's] motion for compassionate release on this basis.") (internal quotations omitted).

Additionally, Defendant is over thirty years younger than the CDC's classification of adults sixty-five years and older who are at higher risk of COVID-

19 complications.  Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at a significantly higher risk for severe illness from COVID-19.  *See, e.g., United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (granting compassionate release for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) ("The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness ... Miller suffers from all three.").

In sum, upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has not presented extraordinary and compelling circumstances that warrant his early release.

### 1.  Determination of the 18 U.S.C. § 3553(a) Factors

As a final matter, a district court must consider the sentencing factors under 18 U.S.C. § 3553(a) and determine whether such factors support or undermine the sentence reduction.

Here, the Court agrees with the Government that consideration of the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of granting the requested relief. The factors set forth in § 3553(a) include a defendant's history and characteristics;

the nature and circumstances of the offense; due consideration of the seriousness of the offenses; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him or her with any necessary correctional services and treatment.  *See* 18 U.S.C. § 3553(a).

Here, Defendant has served only half of his sentence after participating in a complex scheme to defraud both individuals and corporate entities for personal financial gain.  The Government emphasizes that "Lodge engaged in fraud for years but was successful because law enforcement had not learned the sophisticated nature of his crimes, [and therefore] much of his fraud was undetected."  ECF No. 67, PageID.694.  The seriousness of both the offense and Lodge's conduct is reflected in the seventy-two-month sentence imposed upon him.  Additionally, the Government notes that Defendant's "recidivism, failure to abide by previous provisions of bond, and BOP citations, militate against Lodge's release with three years remaining."  *Id.* at PageID.712.  The Court notes that Defendant has an extensive prior record, including state convictions related to fraudulent credit card transactions, and he has received two disciplinary incidents while incarcerated.  *See* ECF No. 67, PageID.712.  Even with his rehabilitative activities while incarcerated, these facts together do not indicate that early release is warranted at this time.

In sum, the Court finds that granting Defendant compassionate release at this juncture would inappropriately minimize the serious nature of his decision to steal the identities of innocent victims and defraud corporate institutions for monetary gain. Accordingly, the § 3553(a) sentencing factors also weigh against Defendant's early release.

## IV. CONCLUSION

For the reasons discussed herein, Defendant's Motion for Compassionate Release [#47] is **DENIED**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: May 14, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Robert Lodge, No. 55847-039, Elkton Federal Correctional Institution, 8730 Scroggs Road, Lisbon, Ohio 44432 on
May 14, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager